UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LOIS YANKAH,

        Petitioner,

v.                                                     Civil No. 2:23cv347

COMMONWEALTH OF VIRGINIA,

        Respondent.

<u>**FINAL ORDER**</u>

Before the Court is a second amended petition for a writ of habeas corpus filed by Lois Yankah ("Petitioner") pursuant to 28 U.S.C. § 2241, ECF No. 50, and the Respondent's motion to dismiss, ECF No. 66.  In her § 2241 petition, the <u>pro</u> <u>se</u> Petitioner alleges that her pretrial detention, purportedly resulting from a detainer issued by Immigration and Customs Enforcement ("ICE"), violated her federal constitutional rights.  ECF No. 50, at 6-7.

The § 2241 petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  The Magistrate Judge's Report and Recommendation ("R&R") filed January 8, 2026, recommends that Respondent's motion to dismiss be granted, and that the second amended petition be denied and dismissed with prejudice.  ECF No. 76.  Petitioner timely filed objections to the R&R.  ECF No. 77.  Respondent has

not responded to Petitioner's objections and the time to do so has expired.

Petitioner's first objection to the R&R argues that the Magistrate Judge misapplied the law when concluding that Petitioner's § 2241 claims challenging her pretrial detention were mooted by her release. ECF No. 77, at 1. Specifically, Petitioner asserts that while she is no longer in custody, her claims are not moot because her state court conviction still carries collateral consequences. Id. at 1-2. However, as correctly explained in the R&R, the second amended § 2241 petition pending before this Court challenges Petitioner's state court pretrial detention, not her state court conviction.[1] ECF No. 76, at 8. Petitioner's reliance on such conviction to demonstrate that her § 2241 claims remain ripe is therefore improper.

---

[1] Petitioner filed numerous amendments and supplements to her original habeas petition, prompting the Court to issue multiple orders seeking clarification of the nature of her claims. See ECF Nos. 8, 60. Relatively early in the case, Petitioner indicated that she was not seeking § 2254 relief based on a "challenge [to] a post conviction judgment" in state court, but was instead seeking relief under § 2241 due to speedy trial, bail, and "other constitutional violation claims" in her still-pending state court case. ECF No. 14, at 1; see also ECF No. 30, at 1 (indicating that Petitioner was bringing a "non § 2254 petition for writ of habeas corpus as a pretrial detainee"). Due to the number of serial filings, Petitioner was directed to file a second amended § 2241 petition to serve as the operative petition and was advised that further amendments would not be accepted without leave of court. ECF No. 45, at 5-6. Petitioner complied with the Court's direction by filing her second amended § 2241 petition, which presents three grounds for relief: (1) right to a speedy and fair trial with due process protections; (2) right to bail and right against excessive bail; and (3) right against retaliation. To support all three claims, Petitioner alleges that she was improperly arrested and held without bail due to an "ICE detainer." ECF No. 50, at 6-7. These allegations relate, as noted, to her pretrial arrest and detention, not her conviction. Similarly, the relief requested in the § 2241 petition is based on pretrial conduct, with Petitioner seeking "release from custody," "sanctions," and "punitive damages." Id. at 8.

2

Petitioner's second objection to the R&R begins by ascribing error to the Magistrate Judges analysis of what she claims is an "unconstitutional conviction." ECF No. 77, at 2. Petitioner explains that her conviction was improper because she (1) "asserts her innocence" and (2) her "state and federal" speedy trial rights were violated. Id. at 2-3. However, as explained immediately above, the pending § 2241 petition challenges pretrial detention, not the validity of a state court conviction (a claim that would arise under § 2254, not § 2241).[2] After de novo review, this Court agrees with the Magistrate Judge's findings regarding the absence of any "collateral consequences" arising from Petitioner's pretrial detention that could sustain a live case or controversy for the purposes of § 2241 habeas relief. See United States v. Fields, 543 F. App'x 322 (4th Cir. 2013) ("The issue of pretrial detention is moot after a conviction.").

Petitioner's second objection separately contends that a previously unraised exception to the mootness doctrine is applicable in this case. ECF No. 77, at 4. However, it is too late for Petitioner to offer new legal theories in her objections to the R&R that were not previously raised in opposition to

---

[2] As explained in the R&R, any claims challenging the validity of Petitioner's conviction would also fail. Such claims are not properly exhausted, as they were not presented to the state court in accordance with state procedural rules. ECF No. 76, at 14-15.

Respondent's motion to dismiss.[3]   See Buford v. Ocwen Loan Servicing, LLC, No. 2:18cv154, 2018 WL 6617646, at *3 (E.D. Va. Dec. 18, 2018) ("Parties may not raise entirely new arguments for the first time in their objections to a magistrate judge's report.").

Petitioner's third objection contends that the Magistrate Judge erred by finding that sanctions and punitive damages are not available remedies in § 2241 actions.   ECF No. 77, at 5-6. Petitioner is correct that a request for an improper remedy, especially one advanced by a pro se party, is generally not fatal to an otherwise meritorious civil claim as long as the Court can fashion some appropriate remedy.   However, here, all of Petitioner's claims cognizable under § 2241 are moot, and any other claims or theories she has argued in her briefs and objections must be pursued through a different type of habeas action.   Stated a little differently, after Petitioner's release from pretrial detention, there is no remedy that this Court could fashion based on the nature of the three § 2241 claims in the second amended § 2241 petition.

Fourth and finally, Petitioner objects to the Magistrate Judge's finding that Petitioner's claims referencing the validity

_____

[3] The Magistrate Judge did not analyze the mootness doctrine involving matters "capable of repetition yet evading review," having found that neither party had raised it.   ECF No. 76, at 10 n.2.   In her objections to the R&R, Petitioner does not challenge the accuracy of that finding.

of her conviction are barred because she did not properly raise and exhaust them before the state court. ECF No. 77, at 6-7. As explained in the R&R, state court records indicate that Petitioner filed three interlocutory appeals, followed by a fourth appeal challenging her conviction. ECF No. 76, at 2. All four appeals were dismissed, the fourth failing at an early stage when Petitioner did not timely file an opening brief. Id. According to Petitioner, she never even filed this fourth state court appeal and she places blame on the state court clerk's office for improperly initiating such appeal. ECF No. 77, at 6-7.

As discussed above, no challenge to the validity of Petitioner's conviction is even properly before this Court, so any alternative analysis about whether she exhausted her validity claims is not dispositive. However, even if it were, after de novo review, the Court agrees with and adopts the analysis and findings in the R&R. To the extent Petitioner blames the state court clerk's office for initiating an appeal, state records indicate that Petitioner submitted a "Third Amendment to Notice of Appeal" on March 18, 2024, that sought "to amend the notice of appeal" to include a new challenge to the "Court's sentencing/final order." See Virginia CAV Record No. 964-24-2, at 1. Petitioner fails to demonstrate that the state court improperly construed this filing as an appeal of her conviction and sentence. Furthermore, even if this Court adopted Petitioner's view that

5

this appeal should be disregarded because Petitioner did not initiate it, Petitioner does not otherwise demonstrate that she timely filed her own appeal in state court challenging the validity of her conviction, meaning that any claims associated with her conviction remain unexhausted and defaulted.

In summary, after reviewing the pertinent parts of the record and examining the objections filed by Petitioner, and having made de novo findings with respect to the portions objected to,[4] this Court hereby **ADOPTS** the findings and recommendations set forth in the Report and Recommendation. For the reasons explained above and for those explained in detail in the Magistrate Judge's R&R, Respondent's motion to dismiss, ECF No. 66, is **GRANTED**, and the second amended petition, ECF No. 50, is **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of Respondent.

Finding that the procedural basis for dismissal of Petitioner's § 2241 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

---

[4] The Court also perceives no "clear error" in any part of the R&R to which no specific objection has been made. See Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

6

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, she may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, she must do so **within thirty (30) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Order to Petitioner and to counsel of record for the Respondent.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 20 , 2026

7